Barbara **WILLIAMS**, Appellant,

v.

**VIJON REALTY COMPANY**, Appellee.

No. 6128.

District of Columbia Court of Appeals.

Argued Feb. 24, 1972.

Decided April 6, 1972.

Edward E. Schwab, Washington, D. C., for appellant.

Herman Miller, Washington, D. C., for appellee.

Before NEBEKER, PAIR and YEAGLEY, Associate Judges.

PAIR, Associate Judge:

This appeal followed proceedings in the Landlord and Tenant Branch of the Civil Division of the Superior Court of the District of Columbia. Appellee, as landlord, filed a complaint for the possession of an apartment at 1420 Clifton Street, N. W. for nonpayment of rent. Appellant, as tenant, answered and counterclaimed for a money judgment in the sum of $104.95 allegedly representing the sum total of money paid by her in excess of her rental obligation. The complaint was dismissed for reasons which the landlord did not see fit to challenge by appeal. Dismissed also was the counterclaim for failure to state a claim upon which relief could be granted. This appeal is from the dismissal of the counterclaim.

The appellee, as "housing owner", and the appellant, as a "qualified tenant", are participants in the rent supplement program conducted by the Federal Housing Administration (FHA) for the Secretary of the Department of Housing and Urban Development (Secretary), pursuant to the Housing and Urban Development Act of 1965, as amended.[1]

The program provides assistance in the form of a monthly rent supplement which is paid to participating housing owners in

1. 12 U.S.C. § 1701s (1970).

behalf of qualified tenants. Questions as to the eligibility of a tenant and the permitted rental charge of any housing accommodation are determined by criteria and procedures established as provided in 12 U.S.C. § 1701s(e) (1970). Provision is made also for the periodic review and adjustment of rental charges for approved accommodations.

In the case now on appeal, appellee having entered into a rent supplement contract with the Secretary, the Commissioner of FHA approved a rental of $127.50 for the apartment involved, determined that appellant was a qualified tenant for purposes of the program and certified that she was eligible for rent supplements in the amount of $74 per month.

On April 2, 1971, FHA notified appellee that appellant's rent supplement was reduced from $74 to $44 effective December 1, 1970.[2] The reason for the reduction was that for the second year of her occupancy, December 1970–December 1971, appellant was expected to receive a Welfare Rent Allowance of $83.50 per month. Her new rent supplement was calculated by FHA, pursuant to regulations,[3] as the difference between the full rent and the welfare rent allowance ($127.50−$83.50=$44.00).

By letter under date of April 13, 1971, appellee forwarded a copy of the FHA notice and advised appellant that her future rental obligation under the lease was the difference between $127.50, the rent approved by FHA, and the rent supplement as adjusted, or $83.50 per month.[4]

Appellant refused to pay her share of the rent, as adjusted, and paid no rent for the months of May and June 1971. The appellee's complaint for possession was based upon appellant's non-payment of rent for those two months.

Appellant makes alternative arguments in challenging the dismissal of her counterclaim contending first that 12 U.S.C. § 1701s(d) (1970) is controlling upon appellee as well as FHA and that she could not be required to pay more than ¼ of her income ($32.51 per month) for the rental of the apartment. Having paid $53.50 for five months (December through April), she claims the right to recover an overpayment of $104.95.[5]

The trial court found this contention to be wholly without merit and we concur. 12 U.S.C. § 1701s(d) (1970) provides in pertinent part:

(d) *Maximum amount of annual payment.*

The amount of the annual payment with respect to any dwelling unit shall not exceed the amount by which the fair market rental for such unit exceeds one-fourth of the tenant's income as determined by the Secretary pursuant to procedures and regulations established by him. . . .

The "payment" referred to is FHA's rent supplement payment, not appellant's obligation under the lease agreement. As the trial court found, the statute "fixes the maximum rent supplement which the Secretary [HUD] may pay to the landlord and not the maximum share of the rent which tenant may pay to the landlord." Consequently, the statutory mandate upon which appellant relies simply does not exist, and the trial court was correct in dismissing

---

2. The adjustment was made pursuant to an annual re-certification of appellant as a participant in the program. 24 C.F.R. § 5.55 (1971).

3. 24 C.F.R. § 5.45 (1971).

4. The lease form. approved by the Federal Housing Commissioner pursuant to 24 C.F.R. § 5.70 (1971), contained the following provision:

TENANT further agrees, in the event the amount of monthly rent supplement payment is adjusted by the Commissioner, . . . to pay . . . the difference between the monthly rental and the adjusted amount of rent supplement payment. . . .

5. Deducting $32.51 for both May and June would reduce the claim to $39.93.

the counterclaim as failing to state a claim upon which relief can be granted.

Appellant contends that her rights to due process and equal protection of the laws were violated when she, as a welfare recipient, was required to pay more than one-fourth of her income for rent. This contention was not made at trial as a basis of her counterclaim.[6] We therefore do not reach the question, leaving appellant to pursue any remedy she may have for the alleged wrongful reduction of her rent supplement in an appropriate proceeding to which FHA may be a party.

Affirmed.

---

6. Her constitutional argument was pleaded in an amended answer only as a defense to the possessory action, and was not decided by the trial court which dismissed the complaint on other grounds.